# No. 26-50016

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

Angelica Olivas,

Plaintiff - Appellant

v.

City of Midland,

Defendant - Appellee

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

**RECORD EXCERPTS**

SUBMITTED BY:
Lane Andrew Haygood
1700 Broadway
New York, NY 10019
432-279-0411

## Table of Contents

| Document | Record Citation | Tab |
|---|---|---|
| Docket Sheet - 7:25-CV-81 | ROA.1-3 | Tab 1 |
| Notice of Appeal | ROA.113-114 | Tab 2 |
| Order Adopting/Rejecting Report and Recommendations | ROA.57-58 | Tab 3 |
| Order | ROA.59-60 | Tab 4 |
| Order Adopting/Rejecting Report and Recommendations | ROA.106-107 | Tab 5 |
| Order | ROA.108 | Tab 6 |
| Report and Recommendations | ROA.92-105 | Tab 7 |
| Complaint | ROA.4-9 | Tab 8 |
| Exhibit EEOC Charge of Discrimination | ROA.71-73 | Tab 9 |

**TAB 1**

APPEAL

# U.S. District Court [LIVE]
## Western District of Texas (Midland)
## CIVIL DOCKET FOR CASE #: 7:25-cv-00081-DC-RCG

Olivas v. City of Midland
Assigned to: Judge David Counts
Referred to: Judge Ronald C. Griffin
Demand: $700,000
Case in other court:  5th USCA, 26-50016
Cause: 28:451 Employment Discrimination

Date Filed: 02/20/2025
Date Terminated: 11/18/2025
Jury Demand: None
Nature of Suit: 446 Civil Rights: Americans
with Disabilities - Other
Jurisdiction: Federal Question

**Plaintiff**

**Angelica Olivas**                              represented by  **Angelica Olivas**
1413 E. Everglade Avenue
Odessa, TX 79762
PRO SE

**Steve Hershberger**
Attorney at Law
600 N Marienfeld Street, Suite 850
Midland, TX 79701
432-570-4014
Fax: 432-570-4352
Email: stevehersh@sbcglobal.net
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Midland**                              represented by  **Aaron Dorfner**
Cotton Bledsoe Tighe & Dawson PC
P.O. Box 2776
Midland, TX 79702
(432)684-5782
Fax: 432/684-3164
Email: adorfner@cbtd.com
*ATTORNEY TO BE NOTICED*

**Monique R. Wimberly**
Cotton Bledsoe Tighe & Dawson, P.C.
500 W. Illinois Ste. 300
Midland, TX 79701
432-684-5782
Fax: 432-684-3125
Email: mwimberly@cbtd.com
*ATTORNEY TO BE NOTICED*

**26-50016.1**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/20/2025 | 1 (p.4) | COMPLAINT ( Filing fee $ 405 receipt number ATXWDC-19818349), filed by Angelica Olivas. (Attachments: # 1 (p.4) Civil Cover Sheet)(Hershberger, Steve) (Entered: 02/20/2025) |
| 02/20/2025 | 2 (p.11) | REQUEST FOR ISSUANCE OF SUMMONS by Angelica Olivas. (Hershberger, Steve) (Entered: 02/20/2025) |
| 02/20/2025 | | Case assigned to Judge David Counts and Judge Ronald C. Griffin. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (jb3) (Entered: 02/21/2025) |
| 02/21/2025 | | DEFICIENCY NOTICE: re 2 (p.11) Request for Issuance of Summons **A return address must be listed on summons. Please correct and re-file.** (jb3) (Entered: 02/21/2025) |
| 02/25/2025 | 3 (p.13) | REQUEST FOR ISSUANCE OF SUMMONS by Angelica Olivas. (Hershberger, Steve) (Entered: 02/25/2025) |
| 02/26/2025 | 4 (p.15) | Summons Issued as to City of Midland. (jb3) (Entered: 02/26/2025) |
| 05/15/2025 | 5 (p.17) | Motion to Dismiss for Failure to State a Claim by City of Midland.. Motions referred to Judge Ronald C. Griffin. (Dorfner, Aaron) (Entered: 05/15/2025) |
| 05/28/2025 | 6 (p.28) | RESPONSE to Motion, filed by Angelica Olivas, re 5 (p.17) Motion to Dismiss for Failure to State a Claim filed by Defendant City of Midland (Attachments: # 1 (p.4) Proposed Order Order Denying Motion to Dismiss)(Hershberger, Steve) (Entered: 05/28/2025) |
| 06/04/2025 | 7 (p.35) | REPLY to Response to Motion, filed by City of Midland, re 5 (p.17) Motion to Dismiss for Failure to State a Claim filed by Defendant City of Midland (Attachments: # 1 (p.4) Exhibit TWC Charge of Discrimination)(Wimberly, Monique) (Entered: 06/04/2025) |
| 07/24/2025 | 8 (p.45) | REPORT AND RECOMMENDATIONS re 5 (p.17) Motion to Dismiss for Failure to State a Claim filed by City of Midland. Signed by Judge Ronald C. Griffin. (slt) (Entered: 07/25/2025) |
| 08/11/2025 | 9 (p.57) | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 8 (p.45) Report and Recommendations, 5 (p.17) Motion to Dismiss for Failure to State a Claim filed by City of Midland. Signed by Judge David Counts. (ktm) (Entered: 08/11/2025) |
| 08/12/2025 | 10 (p.59) | ORDER OF CLARIFICATION. Signed by Judge David Counts. (ktm) (Entered: 08/12/2025) |
| 08/25/2025 | 11 (p.61) | Second MOTION to Dismiss *Pursuant to Rule 12(b)(6)* by City of Midland. (Attachments: # 1 (p.4) Exhibit EEOC Charge of Discrimination). Motions referred to Judge Ronald C. Griffin. (Wimberly, Monique) (Entered: 08/25/2025) |
| 09/08/2025 | 12 (p.74) | Unopposed MOTION for Extension of Time to File Response/Reply by Angelica Olivas.. Motions referred to Judge Ronald C. Griffin. (Hershberger, Steve) (Entered: 09/08/2025) |
| 09/09/2025 | | DEFICIENCY NOTICE: re 12 (p.74) Unopposed MOTION for Extension of Time to File Response/Reply . Proposed Order is required. Please correct and refile. This |

| | | |
|---|---|---|
| | | motion will not be forwarded to the assigned judge for consideration and will be terminated. (slt) (Entered: 09/10/2025) |
| 09/12/2025 | 13 (p.77) | MOTION for Extension of Time to File Response/Reply by Angelica Olivas. (Attachments: # 1 (p.4) Proposed Order). Motions referred to Judge Ronald C. Griffin. (Hershberger, Steve) (Entered: 09/12/2025) |
| 09/12/2025 | 14 (p.81) | RESPONSE to Motion, filed by Angelica Olivas, re 11 (p.61) Second MOTION to Dismiss *Pursuant to Rule 12(b)(6)* filed by Defendant City of Midland (Attachments: # 1 (p.4) Proposed Order)(Hershberger, Steve) (Entered: 09/12/2025) |
| 09/15/2025 | | Text Order GRANTING 13 (p.77) Motion for Extension of Time to File Response/Reply. Plaintiff's Response to the Motion to Dismiss (Doc. 14) will be considered timely. Entered by Judge Ronald C. Griffin. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jtlc) (Entered: 09/15/2025) |
| 09/19/2025 | 15 (p.88) | REPLY to Response to Motion, filed by City of Midland, re 11 (p.61) Second MOTION to Dismiss *Pursuant to Rule 12(b)(6)* filed by Defendant City of Midland (Wimberly, Monique) (Entered: 09/19/2025) |
| 11/03/2025 | 16 (p.92) | REPORT AND RECOMMENDATIONS re 11 (p.61) Motion to Dismiss filed by City of Midland. Signed by Judge Ronald C. Griffin. (slt) (Entered: 11/03/2025) |
| 11/18/2025 | 17 (p.106) | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 16 (p.92) Report and Recommendations. Signed by Judge David Counts. (llm) (Entered: 11/19/2025) |
| 11/18/2025 | 18 (p.108) | ORDER OF FINAL JUDGMENT. Signed by Judge David Counts. (llm) (Entered: 11/19/2025) |
| 12/18/2025 | 19 (p.109) | MOTION for Extension of Time to File by Angelica Olivas. (Attachments: # 1 (p.4) Proposed Order). Motions referred to Judge Ronald C. Griffin. (Hershberger, Steve) (Entered: 12/18/2025) |
| 12/19/2025 | | Text Order GRANTING 19 (p.109) Plaintiff's Motion for Extension of Time to File Notice of Appeal. It is ORDERED Plaintiff's Motion for Extension of Time to File Notice of Appeal is GRANTED. The time to file a notice of appeal is extended to Monday, January 5, 2026. It is so ORDERED. Entered by Judge David Counts. (This is a text-only entry generated by the court. There is no document associated with this entry.) (db) (Entered: 12/19/2025) |
| 01/05/2026 | 20 (p.113) | NOTICE OF APPEAL by Angelica Olivas. Filing fee $ 605, receipt number 1657. Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out a (Transcript Order) and follow the instructions set out on the form. This form is available in the Clerk's Office or by clicking the hyperlink above. (ktm) (Entered: 01/05/2026) |
| 01/06/2026 | 21 (p.115) | Letter/Correspondence Transcript Order for Appeal filed, docket sheet and Transcript Order form to Angelica Olivas. (ktm) (Entered: 01/06/2026) |

26-50016.3

**TAB 2**

FILED

JAN 05 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| Angelica Olivas, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:25-cv-00081-DC-RCG |
| | § | |
| City of Midland, | § | |
| Defendant. | § | |

NOTICE OF APPEAL

Notice is hereby given that Plaintiff, Angelica Olivas, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the final judgment, order, and all rulings dismissing this action, including the Order granting Defendant's Motion to Dismiss and dismissing the case with prejudice.

This Notice of Appeal is filed pursuant to Federal Rule of Appellate Procedure 4(a).

Date: January 5, 2026

Respectfully submitted,

Angelica Olivas
Plaintiff, Pro Se
1413 E Everglade Avenue
Odessa, TX 79762
432-248-6101
Angelica_lvs@yahoo.com

26-50016.113

Clerk of Court
United States District Court
Western District of Texas
Midland Division
200 East Wall Street, Room 222
Midland, TX 79701

Re: Angelica Olivas v. City of Midland
Case No. 7:25-cv-00081-DC-RCG

Dear Clerk of Court,

I am submitting this letter in connection with my in-person filing of a Notice of Appeal, which I am filing pro se, in the above-referenced matter.

Please file the enclosed Notice of Appeal, which appeals the final judgment and orders dismissing this case to the United States Court of Appeals for the Fifth Circuit.

Please let me know if there are any filing fees due at this time or if any additional information or forms are required to complete this filing.

Thank you for your assistance.

Respectfully submitted,

Angelica Olivas
Plaintiff, Pro Se
1413 E Everglade Avenue
Odessa, TX 79762
432-248-6101
Angelica_lvs@yahoo.com

Date: January 5, 2026

**TAB 3**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **ANGELICA OLIVAS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **MO:25-CV-00081-DC** |
| | § | |
| **CITY OF MIDLAND,** | § | |
| *Defendant.* | § | |

## ORDER

Before the Court is the report and recommendation from United States Magistrate Judge Ronald C. Griffin[1] concerning City of Midland's motion to dismiss.[2] Pursuant to 28 U.S.C. § 636(b) and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Griffin issued his report and recommendation on July 24, 2025.[3] As of the date of this order, no party has filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error.[4]

---

[1] ECF No. 8.
[2] ECF No. 5.
[3] ECF No. 8.
[4] *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

26-50016.57

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge is **ADOPTED**.[5] City of Midland's motion to dismiss is **GRANTED**.[6] Angelica Olivas' hostile work environment claim under the ADA and §1983 are **DISMISSED WITH PREJUDICE**.

City of Midland is **ORDERED** to timely file its answer according to the Federal Rules of Civil Procedure.

It is so **ORDERED**.

SIGNED this 11th day of August, 2025.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[5] ECF No. 8.
[6] ECF No. 5.

26-50016.58

**TAB 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| ANGELICA OLIVAS, | § | |
|   *Plaintiffs* | § | |
| | § | **MO:25-CV-00081-DC** |
| **v.** | § | |
| | § | |
| **CITY OF MIDLAND,** | § | |
|   *Defendant* | § | |

## ORDER

Yesterday, the Court entered an order adopting Judge Ronald C. Griffin's report and recommendation relating to City of Midland's motion to dismiss, understanding that City of Midland sought to dismiss only two of the three claims forming the basis of this case.[1] It seems there's some small amount of confusion as to that order. Judge Griffin's report and recommendation states that there are only two claims presented in Angelica Olivas's complaint.[2] Thorough review of Olivas' complaint, however, shows that she pled a third cause of action.[3] City of Midland did not brief this third cause of action in their motion to dismiss.[4] And Angelica Olivas did not object to the Magistrate Judge characterizing her complaint as containing only two causes of action. It is also unclear whether City of Midland was aware of this third cause of action—a phone call to Chambers this morning indicates that they were not. Given these confounding circumstances, the Court **ORDERS** City of

---

[1] ECF No. 9.

[2] ECF No. 8.

[3] ECF No. 1 at 3–5.

[4] ECF No. 5.

26-50016.59

Midland to file a second motion to dismiss within 14 days of yesterday's order or file its answer by the deadline required by the Federal Rules of Civil Procedure.

It is so **ORDERED**.

SIGNED this 12th day of August, 2025.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

2

26-50016.60

**TAB 5**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **ANGELICA OLIVAS,** | § | |
|     *Plaintiff* | § | |
| | § | |
| **v.** | § | **MO:25-CV-00081-DC** |
| | § | |
| **CITY OF MIDLAND,** | § | |
|     *Defendant* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THE COURT is the report and recommendation from United States Magistrate Judge Ronald C. Griffin concerning the Defendant's Second Motion to Dismiss.[1] Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Magistrate Judge Griffin issued his report and recommendation on November 3, 2025.[2] As of the date of this order, no party has filed objections to this report and recommendation.

28 U.S.C. § 636(b) permits a party to serve and file written objections to a magistrate judge's proposed findings or recommendations within fourteen days after being served with a copy of the report and recommendations. The Court will review *de novo* the portions of the report and recommendations objected thereto. When no objections are timely filed, the Court need only review the magistrate judge's report and recommendation for clear error.[3]

---

[1] Doc. 11.

[2] Doc. 16.

[3] Fed. R. Civ. P. 72 advisory committee's note.

Because no party in this case has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** the Report and Recommendation of the United States Magistrate Judge is **ADOPTED**. Defendant's Second Motion to Dismiss is **GRANTED**. Plaintiff's retaliation claim under the Americans with Disabilities Act is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

SIGNED this 18th day of November, 2025.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

2

**TAB 6**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

ANGELICA OLIVAS,
     *Plaintiff*

v.

CITY OF MIDLAND,
     *Defendant*

§
§
§
§
§
§
§
§
§
§

MO:25-CV-00081-DC

## ORDER OF FINAL JUDGMENT

On November 18, 2025, this Court adopted United States Magistrate Judge Ronald C. Griffin's report and recommendation concerning Defendant's Second Motion to Dismiss. The Court's Order dismissed Plaintiff's last remaining claim with prejudice.[1]

Because nothing remains in the case to resolve, the Court renders Final Judgment pursuant to Federal Rule of Civil Procedure 58.

It is **ORDERED** that the case is **CLOSED**.

It is so **ORDERED**.

SIGNED this 18th day of November, 2025.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[1] The Court previously adopted a report and recommendation dismissing with prejudice Plaintiff's two other claims. *See* Doc. 9.

26-50016.108

**TAB 7**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **ANGELICA OLIVAS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **MO:25-CV-00081-DC-RCG** |
| | § | |
| **CITY OF MIDLAND, TEXAS,** | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Defendant City of Midland, Texas's Second Motion to Dismiss (Doc. 11).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Defendant's Second Motion to Dismiss be **GRANTED**. (Doc. 11).

### I.    BACKGROUND

This is an employment discrimination case. On February 20, 2025, Plaintiff Angelica Olivas ("Plaintiff") filed her Original Complaint against City of Midland, Texas ("Defendant"). (Doc. 1). Plaintiff began her employment with Defendant on May 20, 2013, as a Laboratory Technician. *Id*. at 2. She rose to the position of Laboratory Manager and held that position until August 22, 2023, when she was terminated. *Id*. In her Complaint, Plaintiff alleges THAT prior to her termination she was diagnosed with Hashimoto's disease and a mental health condition. *Id*. Plaintiff explains these conditions affected her normal daily activities, but, with reasonable accommodation, she was able to perform her regular work assignments. *Id*. However, Plaintiff asserts her co-workers claimed she was "hardly at work" for an eight-month period. *Id*. Plaintiff provides she was subject to "harassment and/or retaliation" by her co-workers falsely claiming

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

she was absent from work. *Id*. at 3. Further, Plaintiff stated her supervisor—Carl Craigo ("Craigo")—was aware she was present at work or, when she was absent, she gave advanced notice and obtained his permission. *Id*. at 2. Plaintiff also advised Craigo of the harassment and/or retaliation from her co-workers but stated "he failed or refused to make corrective steps with the co-workers." *Id*. at 3. On August 18, 2023, Defendant placed Plaintiff on administrative leave after she requested accommodations for her conditions. *Id*. Four days later, Defendant terminated Plaintiff based on false claims of excessive absences. *Id*.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC charge") and subsequently received a right-to-sue letter. (Doc. 1 at 3). On May 15, 2025, Defendant filed a Motion to Dismiss two causes of action—(1) a hostile work environment claim under the American with Disabilities Act ("ADA") and (2) a municipal liability claim under 42 U.S.C. § 1983 for deprivation of a property or liberty interest. (Doc. 5). Following briefing from the Parties, the undersigned issued a Report and Recommendation ("R. & R."), concluding Defendant's Motion should be granted and Plaintiff's only two causes of action should be dismissed with prejudice. (Doc. 8). After no party objected, the District Judge adopted the R. & R. in full, then ordered Defendant to timely file its Answer. (Doc. 9). Based on confusion by Defendant, the District Judge issued an Order of Clarification, explaining Plaintiff had pleaded a third cause of action[2] that Defendant was not aware of and did not address in its

---

2. The undersigned notes Plaintiff's Complaint contains two causes of action subsections: "(a) Violation of Americans With Disabilities Act" and "(b) Violation of Property or Liberty." (Doc. 1 at 3–4). While the first subsection is admittedly broad and *could* contain a theory of retaliation, Plaintiff, in this subsection, only lists the elements of a hostile work environment claim and does not include the word "retaliation." *Id*. While Plaintiff does state in this section she was terminated, the undersigned does not believe that is sufficient to have pleaded a cause of action for retaliation. It is also worth noting that it is not entirely clear whether this alleged third cause of action under the ADA is based on a theory of retaliation or failure to accommodate as Plaintiff uses buzz words for each but does not detail either one. Defendant moves to dismiss a retaliation claim, so that is what the undersigned will analyze.

26-50016.93

first Motion to Dismiss. *Id.* "Given these confounding circumstances," the District Judge gave Defendant the option to file a second Motion to Dismiss. *Id.*

On August 25, 2025, Defendant filed its Second Motion to Dismiss Plaintiff's putative retaliation claim. (Doc. 11). Plaintiff and Defendant timely filed their respective Response[3] and Reply. (Docs. 14, 15). Consequently, this matter is ready for disposition.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); *see Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

---

3. While the undersigned does not necessarily blame Plaintiff for running with her newfound claim, it is notable that her Responses to both of Defendant's Motions to Dismiss state, "Plaintiff raises two claims for recovery." (Docs. 6 at 3; 14 at 3).

26-50016.94

In a court's review of a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

## III.  DISCUSSION

In the instant Motion, Defendant moves to dismiss "Plaintiff's putative claim that she was retaliated against in violation of the ADA because she failed to exhaust administrative remedies for this claim, or alternatively, because she failed to plead sufficient facts so as to state a claim for relief." (Doc. 11 at 2). In response, Plaintiff makes several uncompelling and, frankly, confusing arguments: (1) Plaintiff does not need to exhaust her administrative remedies for a retaliation claim; (2) Plaintiff re-urges both her hostile work environment claim and § 1983 claim, which the Court previously dismissed with prejudice; and (3) Plaintiff argues her EEOC charge was timely filed, which has never been disputed, and generally states the charge alleges sufficient facts. (Doc. 14).

### A.  Exhaustion of Administrative Remedies

In its Motion to Dismiss, Defendant argues "Plaintiff did not exhaust administrative remedies as it relates to any retaliation claim because her Charge fails to identify, or otherwise complain of, retaliation allegedly committed by her coworkers or due to a request for reasonable accommodations." (Doc. 11 at 5). Contrary to what Plaintiff argues, "[e]mployment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Exhausting administrative remedies is a requirement under both Title VII and the ADA. 42 U.S.C. §§ 12117(a), 2000e-5(e)(1); *Sambrano v. United Airlines, Inc.*, 707 F. Supp. 3d 652, 671 (N.D. Tex. 2023).

To exhaust administrative remedies, the plaintiff must "file[] a timely charge with the EEOC and receive[] a statutory notice of right to sue." *Taylor*, 296 F.3d at 379 (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)). "In determining whether a plaintiff

5

26-50016.96

has exhausted a particular claim, the scope of an EEOC complaint should be construed liberally." *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021). Fifth Circuit precedent instructs courts to construe EEOC complaints "broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation and that which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). An ADA lawsuit may include claims "like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citing *Sanchez*, 431 F.2d at 466). Thus, courts engage in a "'fact-intensive analysis' of the administrative charge that looks beyond the four corners of the document to its substance." *Id*. (citing *Sanchez*, 431 F.2d at 466).

Even though Plaintiff's EEOC charge is a matter outside of the Complaint, the Court may consider it when ruling on the instant Motion. "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). This includes "documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). Plaintiff's EEOC charge is referenced in her Complaint, attached to Defendant's Motion to Dismiss (Doc. 11-1), and the type of document which the Court may take judicial

6

notice of at the Rule 12(b)(6) stage. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.") (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). Therefore, the Court will consider the substance of Plaintiff's EEOC charge while ruling on Defendant's Motion to Dismiss.

Defendant attacks Plaintiff's exhaustion of administrative remedies as to her retaliation claim because "Plaintiff wholly fails to enunciate facts sufficient to direct the EEOC to investigate claims based on retaliation from her co-workers or for requesting reasonable accommodations for her purported disability . . . ." (Doc. 11 at 5). Plaintiff again does not directly address this argument in her Response. Instead, she argues her EEOC filing was timely, which is not in dispute. (Doc. 14 at 5).

The Court reads Plaintiff's claim for retaliation more narrowly than Defendant. When looking at her Complaint, there are only two paragraphs where Plaintiff could be alleging facts related to retaliation:

> Plaintiff had been subjected to harassment and/or retaliation by co-workers, who claimed falsely she was absent from work. Plaintiff advised Craigo of this harassment and/or retaliation, but he failed or refused to make corrective steps with the co-workers. This harassment and/or retaliation created a hostile work environment for the Plaintiff.

> On or about August 18, 2023, Defendant . . . placed Plaintiff on administrative leave after she requested accommodations for her physical, mental and medical conditions. On or about August 22, 2023, Plaintiff [was] terminated based on false claims of excessive absences. This ground was a pretext to hide unlawful discrimination based on disability and based on Defendant's refusal to provide reasonable accommodation for one or more known physical or mental disabilities that affected her daily activities.

7

26-50016.98

(Doc. 1 at 3). The Court finds Plaintiff's retaliation claim is based only on her being terminated after she requested reasonable accommodations. While Plaintiff states she faced "retaliation by co-workers," these allegations seemingly support her previously dismissed hostile work environment claim. *Id*. This reading is supported by Plaintiff's Response where she discusses retaliation and termination only in the context of requesting accommodations and she mentions her co-workers in connection with her hostile work environment claim. (Doc. 14 at 1–3). Further, even if Plaintiff is alleging her co-workers were the ones retaliating against her, Plaintiff gives the Court no reason to believe her co-worker's alleged retaliation can be imputed to their employer.[4] *McWilson v. Bell Textron, Inc.*, No. 23-CV-01104, 2024 WL 3585615, at *5 (N.D. Tex. July 30, 2024) ("A retaliation claim requires a plaintiff to allege that the *employer* took a retaliatory adverse employment action against the employee. A co-worker's act of retaliation against an employee ordinarily does not support a retaliation claim . . . .") (citing *Brandon v. Sage Corp.*, 808 F.3d 266, 273 (5th Cir. 2015)); *Russel v. McKinney Hosp. Venture*, 235 F.3d 219, 226 (5th Cir. 2000) ("Ordinary employees normally cannot affect the employment of their co-employees."); *Vance v. Ball St. Univ.*, 570 U.S. 421, 440–41 (2013) ("Co-workers, the Court noted, can inflict psychological injuries by creating a hostile work environment, but they cannot dock another's pay, nor can one co-worker demote another.") (internal quotations omitted). Accordingly, the relevant question is whether Plaintiff's EEOC charge sufficiently raises the issue of Plaintiff being retaliated against after requesting accommodations for her disability. The Court finds it does not.

Relevantly, Plaintiff's EEOC charge states the following:

---

4. The Court also notes, even if as part of her retaliation claim Plaintiff was alleging her co-workers retaliated against her, she makes no mention of her co-workers in her EEOC charge. Accordingly, she would not have exhausted these claims.

8

26-50016.99

> On or about August 18, 2023, I was placed on administrative leave after complaining of employment discrimination due to my disability and gender. On or about August 22, 2023, I was terminated in retaliation because I complained of discrimination.

(Doc. 11-1 at 2). As a matter of principle, different claims under the ADA (e.g., disparate treatment, retaliation, failure to accommodate) "represent distinct categories of disability discrimination under the ADA." *Hamar v. Ashland, Inc.*, 211 F. App'x 309, 310 (5th Cir. 2006). Here, Plaintiff's EEOC charge refers to alleged discrimination for a disability under the ADA and gender under Title VII. (Doc. 11-1 at 2). Plaintiff then just generally states she was terminated in retaliation because she complained of discrimination but makes no distinction as to whether the discrimination was based on her disability or gender.

Further, Plaintiff's charge is almost wholly devoid of facts, and the few facts that are provided do not align with the allegations in her Complaint. "[W]hether a claim is beyond the scope of an employee's EEOC charge depends on whether the claim arises from facts alleged in the charge." *Sambrano*, 707 F. Supp. 3d at 677 (holding the plaintiff's retaliation claim falls within the scope of her EEOC charge because the claim stems from the same factual allegations as her failure-to-accommodate claim). While Plaintiff does state she was terminated in retaliation, she does not say or provide any facts to infer that she was terminated after requesting reasonable accommodations due to her disability, as she does in her Complaint. *See, e.g.*, *Jones v. City of Dallas*, No. 22-CV-1477, 2024 WL 3207030, at *6 (N.D. Tex. June 6, 2024) (holding the plaintiff failed to exhaust her administrative remedies for retaliation because her charge alleges she was retaliated against due to her complaints of unequal pay and requests for reasonable accommodations but her complaint alleges she was terminated in retaliation for bringing a prior lawsuit alleging gender and race discrimination); *Sorrells v. Santander Consumer USA, Inc.*, No. 23-CV-2589, 2025 WL 2232358, at *10 (N.D. Tex. July 18, 2025)

9

26-50016.100

(holding an EEOC charge that states the plaintiff was terminated while on medical leave because she was not medically able to return was not sufficient to lead the EEOC to investigate the alleged retaliation for seeking reasonable accommodations). Plaintiff's statements in her EEOC charge are insufficient for the Court to reasonably expect a retaliation investigation following a request for accommodations to grow from them. Accordingly, the Court finds Plaintiff failed to exhaust her administrative remedies regarding her retaliation claim. This is fatal to her cause of action.

Ordinarily, a dismissal under Rule 12(b)(6) for failure to exhaust administrative remedies is without prejudice to the plaintiff's right to return to court after exhausting the required administrative remedies. *Martin K. Eby Const. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004). However, where the time has passed to file a charge of discrimination based on the conduct alleged, the dismissal should be with prejudice. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995). From the time of the alleged discriminatory conduct, a plaintiff must file an EEOC charge within 300 days. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003). Plaintiff states in her EEOC charge that she was terminated on August 22, 2023. (Doc. 7-1 at 2). Plaintiff's alleged retaliation claim accrued on this termination date, which is more than 300 days ago. Plaintiff is therefore time-barred from exhausting her administrative remedies as to her retaliation claim.

Accordingly, the Court **RECOMMENDS** Defendant's Second Motion to Dismiss be **GRANTED** as to Plaintiff's retaliation claim under the ADA (Doc. 11) and the cause of action be **DISMISSED WITH PREJUDICE**.

26-50016.101

### B. Failure to State a Claim

Even if the Court found Plaintiff had exhausted her administrative remedies as to her retaliation claim, Plaintiff did not sufficiently state a claim for relief. For Plaintiff to establish a claim for retaliation under the ADA, she must show: (1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action. *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999). While it is not disputed that Plaintiff suffered an adverse employment action by being terminated, Plaintiff's allegations as to the first and third elements are entirely too conclusory to sufficiently plead a cause of action.

As to the first element, Plaintiff provides only that she was placed "on administrative leave after she requested accommodations for her physical, mental and medical conditions." (Doc. 1 at 3). In the context of the ADA, requesting medical accommodation is a protected activity that satisfies the first element of a retaliation claim. *See Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 317 (5th Cir. 2007). However, Plaintiff's allegation is conclusory. Plaintiff fails to include any facts regarding when she requested accommodations, what disability she was requesting accommodations for, what were the accommodations requested, who did she request accommodations from, etc. While Plaintiff is not required to spell out every detail of her protected activity at the motion to dismiss stage, the Court needs at least *a* fact indicating Plaintiff engaged in a protected activity. *Iqbal*, 556 U.S. at 678 (stating "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth); *Milteer v. Navarro County*, 652 F. Supp. 3d 754, 763 n.10 (N.D. Tex. 2023) (indicating a complaint alleging the plaintiff requested accommodations for PTSD and hearing loss was insufficient to state a protected activity because there were no facts surrounding

11

26-50016.102

why accommodations were necessary, what sort of accommodations were requested, nor how or why the requested accommodations were refused).

Even if Plaintiff sufficiently alleged she engaged in a protected activity, she fails to show a causal connection. To satisfy the third element, Plaintiff must show there was a causal connection between participation in the protected activity and the adverse employment decision. *LeMaire v. La. Bd. of Transp. & Dev.*, 480 F.3d 383, 388 (5th Cir. 2007). "At the prima facie stage, the standard for satisfying the causation element is 'much less stringent' than a 'but for' causation standard. Nevertheless, the plaintiff must produce some evidence of a causal link between the protected activity and the adverse employment action to establish a prima facie case of retaliation." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (quoting *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 191 (5th Cir. 2001)). "[C]lose timing between an employee's protected activity and an adverse action against [her] may provide the 'causal connection' required to make out a prima facie case of retaliation." *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). The Fifth Circuit has stated that "[w]hile a four-month gap may be sufficient evidence of causation, a five-month gap is too long absent other evidence." *Aguillard v. La. Coll.*, 824 F. Appx. 248, 251 (5th Cir. 2020). Here, Plaintiff alleges she was placed on administrative leave on August 18, 2023, and was terminated four days later. (Doc. 1 at 3). However, Plaintiff makes no indication as to when she requested accommodations. Rather she simply states she was placed on leave after requesting accommodations. *Id*. With no timeline or factual allegations provided, the Court is unable to infer a causal connection between the protected activity and the adverse employment action.

Accordingly, even if Plaintiff had exhausted her administrative remedies, the Court would still **RECOMMEND** Defendant's Second Motion to Dismiss be **GRANTED** as to

12

Plaintiff's retaliation claim (Doc. 11) and the cause of action be **DISMISSED WITH PREJUDICE**.

**IV.  RECOMMENDATION**

For the foregoing reasons, the Court **RECOMMENDS** Defendant's Second Motion to Dismiss be **GRANTED**. (Doc. 11). Further, the Court **RECOMMENDS** Plaintiff's retaliation claim under the ADA be **DISMISSED WITH PREJUDICE**.

SIGNED this 3rd day of November, 2025.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

13

26-50016.104

Case 5:25-cv-00081-DC      Document 10      Filed 03/25/25      Page 14 of 14

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

**TAB 8**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISON

---

ANGELICA OLIVAS        (   No. _25-CV-81__
                                     (

 v.                              (

                                           (

CITY OF MIDLAND, TEXAS       (

---

COMPLAINT

---

TO THE HONORABLE JUDGE OF THE COURT:

ANGELICA OLIVAS, Plaintiff, complains of CITY OF MIDLAND, TEXAS, Defendant, and for causes of action would show:

1.

(The Party Plaintiff)

ANGELICA OLIVAS, Plaintiff, is an individual and resident of Midland County, Texas.

2.

(The Party Defendant)

Defendant CITY OF MIDLAND, TEXAS is a local government within the State of Texas. This Defendant may be served by serving with process Hon. Lori Blong, Mayor, City of Midland, Texas at 300 No. Loraine Ave., Midland, Texas 79701.

3.

(Venue & Primary Jurisdiction)

Venue is proper in this District Court and this Division for the reason that the wrongful conduct occurred in Midland County, Texas, which is located within the Midland/Odessa Division of the United States District Court for the Western District of Texas.

The Plaintiff invokes the federal question jurisdiction of the United States District Court, for he sues for remedies under the Americans With Disabilities Act and to the extent germane, Title VII of the United States Code and 42 U.S.C. sec. 1983.

The conditions precedent to filing suit have been met. The Plaintiff timely filed a Charge of Discrimination. A Notice of Right to sue was served upon the Plaintiff on or about December 12, 2024.

4.

(Causes of Action)

The Plaintiff was hired by the City of Midland, Texas, a municipality formed and existing under the laws of the State of Texas. As such, the Defendant is a local government and its actions herein where the results of decisions and conduct committed one or more employees acting under the colour of state law.

On or about May 20, 2013, Plaintiff commenced employee with Defendant as a Laboratory Technician. Her initial rate of pay was $17.00 per hour. She rose to the position of Laboratory Manager and held that position until August 22, 2023, when she was terminated. At the time of termination, Plaintiff's immediate supervisor was Carl Craigo.

Prior to her termination, Plaintiff came under the care of two or more health care providers. She had been diagnosed with Hashimotos, which is a thyroid disease. Plaintiff had also been diagnosed with a mental health. Each disease had the affect of limiting or negatively disturbing Plaintiff's normal, daily activities. But, with reasonable accommodation, the Plaintiff was able to perform her regular work assignments. Co-workers had claims against Plaintiff that she "was hardly" at work for an eight month period. Plaintiff advised her supervisor Carl Craigo had she had been in attendance or that she gave advanced notice and obtained his permission. She further

26-50016.5

advised Craigo if she would step out to visit her counselor over zoom during her lunch hour.

Plaintiff had been subjected to harassment and/or retaliation by co-workers, who claimed falsely she was absent from work. Plaintiff advised Craigo of this harassment and/or retaliation, but he failed or refused to make corrective steps with the co-workers. This harassment and/or retaliation created a hostile work environment for the Plaintiff.

On or about August 18, 2023, Defendant, acting through its agents, employees, and/or representatives, who were also acting under the colour of state law, placed Plaintiff on administrative leave after she requested accommodations for her physical, mental and medical conditions. On or about August 22, 2023, Plaintiff terminated based on false claims of excessive absences. This ground was a pretext to hide unlawful discrimination based on disability and based on Defendant's refusal to provide reasonable accommodation for one or more known physical or mental disabilities that affected her daily activities.

The Plaintiff incorporates into this Complaint the statements he provided to the United States Equal Employment Opportunity Commission, as if such statement copied herein verbatim.

The Plaintiff complained to his supervisors about the harassment, including the harassment described above,  but the supervisors failed to take prompt or effective remedial action and permitted the harassment to continue.

 For causes of action, the Plaintiff pleads the following:

  (a) *Violation of Americans With Disabilities Act*, The Defendant, in its capacity as a state actor and through its employees, Who were acting on the job, in the course and scope of their employment, and under the colour of state law, violated the Americans With Disabilities Act: [1] the Plaintiff was disabled or regarded as disabled; [2] the Plaintiff was subjected to

26-50016.6

unwelcomed harassment, i.e., frequently being the subject of false rumors; [3] the harassment was because of her disability; [4] the harassment affected a term, condition or privilege of employment, by creating a hostile environment; and [5] the employer knew, or should have known, of the harassment and failed to take prompt and/or effective remedial action.

Plaintiff terminated in violation of the Americans With Disabilities Act., and as a proximate result sustained damages in the form of loss of income, mental anguish and pain and suffering.

The Plaintiff sues under the foregoing Act for [1] general and special damages proximately caused by the discharge and, either in addition to or separately, [2] general and special damages proximately caused by the acts of harassment.

As a proximate result of the violation of the foregoing statute, the Plaintiff sustained injury, loss and damages.

(b) *Violation of Propery or Liberty*. The Defendant's conduct deprived Plaintiff's of liberty and/or property under the Fourteenth Amendment to the United States Constitution. The Plaintiff had a property and/or liberty interest in pursuing a profession and separately a liberty interest in pursuing a profession free of disability based harassment.

The Defendant's employees were acting under the colour of state law, as it primarily provided for laboratory testing of the water department for the City of Midland, Texas. Carl Craigo is a policy maker and he  allowed a policy or custom to arise and maintain to the degree that such policy or custom created a hostile work environment, where a reasonably situated employee would find his physical or mental health and safety was in jeopardy by remaining in the employment status.

5.

(Damages)

As a proximate result of the conduct of the Defendant, the Plaintiff sustained damages in the form of loss of income, future loss of earning capacity, mental anguish, pain and suffering and physical and mental impairment. The Plaintiff has sustained a loss of income of up to $150,000.00. The Plaintiff requests up to $750,000.00 for damages of mental anguish and pain and suffering and mental and physical impairment.

The Plaintiff prays for the sum of up to $250,000.00 for loss of retirement benefits.

The Plaintiff prays for the recovery from the Defendant, jointly and/or severally, if applicable of all damages in excess of the minimum Jurisdiction of the Court.

### 6.
### (Notice to Defendants)

A notice of suit rights was served upon the Plaintiff and the Defendant.

### 7.
### (Attorney's Fees)

The Plaintiff requests the recovery of reasonably attorney's fees in an amount in excess of the minimum jurisdiction of the Court, if permitted by statute or case law.

The Plaintiff requests the recovery of up to $75,000.00 for pre-trial representation and up to $25,000.00 for trial of this case. If the Defendant elects to appeal, the Plaintiff prays for the recovery of up to $50,000.00 for representation through the United States Court of Appeals for the Fifth Circuit.

### 8.
### (Interest)

The Plaintiff requests the recovery of pre-judgment interest, post-judgment interest and the costs of Court.

### 9.

The Plaintiff demands a trial by jury.

Prayer

Wherefore, the Plaintiff requests that the Defendant be cited to appear and answer and after a trial on the merits, the Plaintiff requests the recovery of a Judgment awarding the following relief:

[a] Compensatory damages for the elements and in the elements alleged above;

[b] Reasonable attorney's fees;

[c] Pre-judgment interest, post-judgment interest and costs of court;

[d] Such other relief to which the Plaintiffs are entitled to recover.

Respectfully submitted,

Steve Hershberger, Attorney at Law
600 No. Marienfeld St., Ste. 1035
Midland, TX 79701
432-570-4014
stevehersh@sbcglobal.net

By: ___/s/ Steve Hershberger_____
Steve Hershberger
Texas State Bar # 09543950

Admitted to practice before: U.S. District Court, Northern District of Texas, U.S. District Court, Western District of Texas; U.S. Court of Appeals, Fifth Circuit and U.S. Supreme Court

Attorney for Plaintiff

26-50016.9

**TAB 9**

# EXHIBIT 1

26-50016.71

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 453-2024-00600 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.) | Home Phone | Year of Birth |
|---|---|---|
| Angelica Olivas | (432) 248-6101 | 1988 |

| Street Address |
|---|
| 1413 e. Everglade Ave. |
| Odessa, TX 79762 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| City of Midland Texas | 101 - 200 Employees | (432) 685-7091 |

| Street Address |
|---|
| 300 N. LORAINE ST. |
| Midland, TX 79701 |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Disability, Retaliation, Sex | 08/18/2023 | 08/22/2023 |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

HARM: On or about August 18, 2023, I was placed on administrative leave after complaining of employment discrimination due to my disability and gender. On or about August 22, 2023, I was terminated in retaliation because I complained of discrimination.

REASON: Carl Craigo said I was terminated due to falsifying documents and too many absences.

I believe I was discriminated and retaliated against as described above, because of my sex (female) and my disability in violation of Title VII of the Civil Rights Act of 1964, as amended; and the Americans with Disabilities Act of 1990, as amended (ADA).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| _____  _____<br>Date                                      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

26-50016.72

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

26-50016.73

# Certificate of Service

I certify that on May 25, 2026, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon all counsel of record.

S/Lane Andrew Haygood

Lane Andrew Haygood