No. 26-50016

# In the United States Court of Appeals for the Fifth Circuit

ANGELICA OLIVAS,

*Plaintiff-Appellant*,

v.

CITY OF MIDLAND, TEXAS,

*Defendant-Appellee*.

On Appeal from the United States District Court for the Western District of Texas, Midland/Odessa Division
Civil Action No. 7:25-cv-00081-DC-RCG

## BRIEF OF APPELLEE CITY OF MIDLAND, TEXAS

Aaron M. Dorfner
Monique R. Wimberly
Cotton, Bledsoe, Tighe & Dawson, P.C.
500 W. Illinois, Ste. 300
Midland, Texas 79701
[Tel.] (432) 684-5782
[Fax] (432) 682-3672
adorfner@cbtd.com
mwimberly@cbtd.com

COUNSEL FOR DEFENDANT-APPELLEE

No. 26-50016

# In the United States Court of Appeals for the Fifth Circuit

---

ANGELICA OLIVAS,

*Plaintiff-Appellant*,

v.

CITY OF MIDLAND, TEXAS,

*Defendant-Appellee*.

---

On Appeal from the United States District Court for the
Western District of Texas, Midland/Odessa Division
Civil Action No. 7:25-cv-00081-DC-RCG

---

## CERTIFICATE OF INTERESTED PERSONS

---

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

**Plaintiff/Olivas**

Angelica Olivas

**Counsel for Plaintiff/Olivas**

Lane A. Haygood
Haygood Law Firm
620 N. Grant Ave., Ste. 913
Odessa, Texas 79761
[Tel] (432) 279-0411

Steve Hershberger
600 N. Marienfeld St., Ste. 850
Midland, Texas 79701
[Tel] (432) 570-4014

**Defendant/Appellee**

City of Midland, Texas

**Counsel for Defendant/Appellee**

Aaron M. Dorfner
Monique R. Wimberly
Cotton, Bledsoe, Tighe & Dawson, P.C.
500 W. Illinois, Ste. 300
Midland, Texas 79701
[Tel.] (432) 684-5782
[Fax] (432) 682-3672

/s/*Monique R. Wimberly*
Monique R. Wimberly

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .......................................................2
TABLE OF CONTENTS ..............................................................................4
TABLE OF AUTHORITIES ..........................................................................5
STATEMENT REGARDING ORAL ARGUMENT ..............................................7
ISSUES PRESENTED .................................................................................9
STATEMENT OF THE CASE ......................................................................10
SUMMARY OF THE ARGUMENT ................................................................12
STANDARD OF REVIEW ............................................................................12
ARGUMENT ...........................................................................................13
I. The District Court properly dismissed Olivas' claim for failure to exhaust administrative remedies. ..........................................................................13
II. The District Court did not commit error when it found Olivas failed to state a claim upon which relief can be granted. ..............................................19
CONCLUSION .........................................................................................23
CERTIFICATE OF SERVICE .......................................................................25
CERTIFICATE OF COMPLIANCE ................................................................26

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................... 20, 21, 22
*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................... 20, 22
*Chhim v. Univ. of Tex. at Austin*,
836 F.3d 467 (5th Cir. 2016) .................................................... 20
*Cicalese v. Univ. of Tex. Medical Branch*,
924 F.3d 762 (5th Cir. 2019) .................................................... 20, 21
*Dao v. Auchan Hypermarket*,
96 F.3d 787 (5th Cir. 1996) .................................................... 14
*Douglass v. United Servs. Auto. Ass'n*,
79 F.3d 1415 (5th Cir. 1996) (en banc) .................................................... 13
*Drake v. Spring Indep. Sch. Dist.*,
No. 20-20376, 2021 WL 3176081 (5th Cir. July 27, 2021) .................................................... 15, 21
*Feist v. Louisiana Dep't of Justice, Office of the Atty. Gen.*,
730 F.3d 450 (5th Cir. 2013) .................................................... 20, 22
*Fine v. GAF Chemical Corp.*,
995 F.2d 576 (5th Cir. 1993) .................................................... 14, 15, 17
*Hall v. Thomas*,
190 F.3d 693 (5th Cir. 1999) .................................................... 19
*Hamar v. Ashland, Inc.*,
211 F. App'x 309 (5th Cir. 2006) .................................................... 14
*Henson v. Bell Helicopter Textron, Inc.*,
128 F.App'x 387 (5th Cir. 2005) .................................................... 15, 21
*Hickson v. St. David's Healthcare P'ship, L.P., L.L.P.*,
168 F.4th 282 (5th Cir. 2026) .................................................... 19, 21
*James v. Smith*,
152 F.4th 594 (5th Cir. 2025) .................................................... 19
*Jenkins v. Cleco Power, LLC*,
487 F.3d 309 (5th Cir. 2007) .................................................... 16, 20
*Jennings v. Towers Watson*,
11 F.4th 335 (5th Cir. 2021) .................................................... 18
*Lyons v. Katy Indep. Sch. Dist.*,
964 F.3d 298 (5th Cir. 2020) .................................................... 16

M*anning v. Chevron Chem. Co.*,
332 F.3d 874 (5th Cir. 2003) ........................................................................23
*McClain v. Lufkin Indus., Inc.*,
519 F.3d 264 (5th Cir. 2008) ........................................................................14
*McCoy v. City of Shreveport*,
492 F.3d 551 (5th Cir. 2007) ........................................................................20
*Olivarez v. T-mobile USA, Inc.*,
997 F.3d 595 (5th Cir. 2021) ........................................................................22
*Pacheco v. Mineta*,
448 F.3d 783 (5th Cir. 2006) ........................................................... 14, 15, 17
*Puckett v. U.S.*,
556 U.S. 129 (2009)...........................................................................................13
*Quinn v. Guerrero*,
863 F.3d 353 (5th Cir. 2017) ........................................................................13
*R2 Invs. LDC v. Phillips*,
401 F.3d 638 (5th Cir. 2005) ................................................................... 20, 22
*Sanchez v. Standard Brands, Inc.*,
431 F.2d 455 (5th Cir. 1970) ................................................................... 14, 17
*U.S. v. Wilson*,
143 F.4th 647 (5th Cir. 2025) ........................................................................13

**Statutes**

28 U.S.C. § 636(b)(1)........................................................................................13
42 U.S.C. § 1983 ........................................................................................ 10, 11
Fed R. Civ. P. 12(b)(6)................................................................................ 10, 11

## STATEMENT REGARDING ORAL ARGUMENT

Appellee, City of Midland, Texas, does not believe oral argument is necessary for the Court and requests the District Court's decision be affirmed without oral argument. The District Court properly found Olivas failed to exhaust administrative remedies and failed to state a claim upon which relief could be granted as to any retaliation claim. The City contends that the time and expense of oral argument is not warranted in this case given that Olivas' presented issues are not novel or unique but rather cover the application of well-established law. However, if the Court desires oral argument, the City respectfully requests an opportunity to present oral argument to the Court at its pleasure and convenience.

No. 26-50016

# In the United States Court of Appeals for the Fifth Circuit

ANGELICA OLIVAS,

*Plaintiff-Olivas*,

v.

CITY OF MIDLAND, TEXAS,

*Defendant-Appellee*.

On Appeal from the United States District Court for the
Western District of Texas, Midland/Odessa Division
Civil Action No. 7:25-cv-00081-DC-RCG

**BRIEF OF APPELLEE**
**CITY OF MIDLAND, TEXAS**

TO THE HONORABLE U.S. COURT OF APPEALS FOR THE FIFTH CIRCUIT:

## ISSUES PRESENTED

1. ISSUE ONE: Whether the trial court committed plain error when it dismissed Olivas' ADA retaliation claim with prejudice because it found that Olivas failed to exhaust her administrative remedies by failing to mention it in her Charge of Discrimination or, alternatively, because her Complaint was replete with conclusory allegations and lacked factual statements such that she failed to plausibly state a claim for relief.

## STATEMENT OF THE CASE

After her termination from the City of Midland, Texas ("City" or "Appellee"), Angelica Olivas ("Olivas" or "Appellant") filed a Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging that she was terminated because "[she] complained of discrimination." ROA.72. After receiving a notice of her right to sue, Olivas filed a lawsuit against her former employer asserting claims for hostile work environment under the Americans with Disabilities Act ("ADA") and deprivation of property and liberty interests under 42 U.S.C. § 1983. ROA.4-7. Olivas' Complaint states "[f]or causes of action, the Plaintiff pleads the following . . ." and proceeds to enumerate only two separate causes of action entitled "(a) **Violation** of Americans with Disabilities Act" and "(b) Violation of Propery [*sic*] or Liberty." ROA.6-7 (emphasis added). Under subsection (a) of the causes of action section of her Complaint, Olivas included only allegations related to unwelcomed harassment on the basis of her disability. ROA.7. Appellee timely moved to dismiss the hostile work environment and § 1983 claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ROA. 17-27. The Magistrate Judge issued a Report and Recommendation correctly identifying that Olivas only pleaded two causes of action and recommended dismissal with prejudice as to both causes of action because Olivas failed to exhaust her administrative remedies as to any hostile work environment claim and failed to state a claim for relief under §

1983. ROA.45-56. After receiving no objections from either party, on August 11, 2025, the District Court accepted and adopted the Report and Recommendation and ordered the City to timely file an answer. ROA.57-58. On August 12, 2025, the District Court entered an Order of Clarification construing a live third claim, despite the Magistrate Judge's Report and Recommendation which identified only two claims present in the Complaint, which Olivas did not object to. ROA.59-60. The District Court ordered the City to file a second motion to dismiss or timely file an answer to the third putative claim. *Id.* The City moved to dismiss the construed retaliation claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ROA.61-70. After full briefing, the Magistrate Judge issued a Report and Recommendation recommending dismissal of Olivas' third putative claim because Olivas failed to exhaust administrative remedies and/or failed to state a claim upon which relief can be granted. ROA.92-105. Neither party filed an objection to the second Report and Recommendation and the District Court adopted the Report and Recommendation. ROA.106-107. The District Court entered Final Judgment dismissing all claims and closing the case on November 18, 2025. ROA.108. Despite neglecting to object to either Report and Recommendation, Olivas filed this appeal.

## SUMMARY OF THE ARGUMENT

This Court should affirm the judgment of the trial court because no plain error exists. The Magistrate Judge correctly determined that Olivas failed to exhaust her administrative remedies as to any claim that her termination was retaliatory after she requested reasonable accommodations. The Magistrate Judge's findings are directly in line with this Court's precedent—Olivas' administrative charge wholly excludes an allegation that she requested a reasonable accommodation and it is fatal to her lawsuit.

Likewise, Olivas' second issue is equally without merit. The Magistrate Judge committed no error when he dismissed Olivas' claim because her conclusory and deficient pleadings did not sufficiently state a claim for relief. Olivas cannot now re-characterize and bolster her clearly deficient pleadings through argument. Olivas' Complaint does not allege that her lunchtime Zoom counseling meetings were a request for accommodations as she now contends. The Magistrate Judge correctly determined that Olivas' allegations did not state a claim for relief and that decision should not be disturbed.

## STANDARD OF REVIEW

A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation bars that party, except upon grounds of plain error, from attacking

the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1). To succeed under plain-error review, Olivas must show (1) an error; (2) that is plain or obvious; (3) that affects her substantial rights. *See Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017). If the first three factors are satisfied, this Court has discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citing *Puckett v. U.S.*, 556 U.S. 129, 135 (2009)). Plain error review is a high bar; "[i]f a question of law is subject to reasonable dispute, the alleged error is not plain or obvious." *U.S. v. Wilson*, 143 F.4th 647, 661 (5th Cir. 2025).

## ARGUMENT

### I. The District Court properly dismissed Olivas' claim for failure to exhaust administrative remedies.

Olivas' Charge wholly excludes any allegation that her termination was in retaliation for her requesting reasonable accommodations for her disability. The trial court correctly found that she failed to exhaust this claim before the EEOC. Thus, Olivas cannot assert an unexhausted claim in a lawsuit.

It is well established that "an employee must comply with the ADA's administrative prerequisites prior to commencing an action in federal court against

her employer for violation of the ADA." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (per curiam). This Court's precedent provides that EEOC complaints are to be construed "broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation and that which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). Accordingly, Olivas' lawsuit can only include claims "like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission." *See McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (quoting *Sanchez*, 431 F.2d at 466). While this Court's precedent does not require a complainant "to check a certain box or recite a specific incantation" to exhaust administrative remedies, a complainant is required to include some factual allegations in the charge in order to exhaust their administrative remedies for that particular claim. *See Pacheco*, 448 F.3d at 792; *see also Fine v. GAF Chemical Corp.*, 995 F.2d 576, 577-78 (5th Cir. 1993); *see also McClain*, 519 F.3d at 274-75. Different claims under the ADA, including disparate treatment, retaliation, and failure to accommodate, "represent distinct categories of disability discrimination," and each must be exhausted separately. *Hamar v. Ashland, Inc.*, 211 F. App'x 309, 310 (5th Cir. 2006) (finding a charge that asserted only a disparate treatment claim

did not exhaust remedies for a separate failure to accommodate claim); *see also Henson v. Bell Helicopter Textron, Inc.*, 128 F.App'x 387, 391 (5th Cir. 2005) (finding no related acts of discrimination to constitute continuing violation theory where allegations constituted three discrete acts of failing to accommodate); *see also Drake v. Spring Indep. Sch. Dist.*, No. 20-20376, 2021 WL 3176081, at *4 (5th Cir. July 27, 2021) (finding no exhaustion of remedies for a failure to accommodate claim where administrative charge included distinct claim that employer retaliated against her for her prior complaint).

In *Pacheco*, this Court held that a disparate-impact investigation could not reasonably have been expected to grow out of an administrative charge that: (1) "facially alleged disparate treatment"; (2) "identified no neutral employment policy"; and (3) "complained of past incidents of disparate treatment only." 448 F.3d at 792. In deciding whether a disparate-impact investigation could reasonably grow out of the facts alleged in the charge, this Court examined the elements of the disparate-impact claim, and noted "[a] neutral employment policy is the cornerstone" of a disparate-impact investigation. *Id.* at 791-92. Ultimately, the complainant's failure to include factual allegations regarding the "cornerstone" of a claim in his charge barred his attempt to later file suit on that claim. *See id.* at 792.

Similarly, in *Fine*, the complainant's administrative charge contained factual allegations that her employer discriminated against her when it refused to hire her

after she applied for a position in February 1990. 995 F.2d at 576-77. However, in the resulting lawsuit, the complainant attempted to advance a discrimination claim based on her employer's failure to hire her in October and November 1990. *Id.* This Court ultimately held that the complained of actions in Fall 1990 that were excluded from the charge could not reasonably be expected to be within the scope of the EEOC investigation. *Id.*

Here, Olivas requests this Court find the trial court committed plain error when it applied this Court's precedent and determined that allegations not included, referenced, or even hinted at in the Charge were not within the scope of the administrative investigation and thus, were barred. Olivas' Charge wholly omits any allegation or reference to a request for reasonable accommodations under the ADA and instead alleges that she was terminated due to discrimination. ROA.72. Olivas' Charge fails to make clear whether she alleges she was terminated due to disability or sex discrimination. *Id.* The elements of a retaliation claim require a complainant to establish that she engaged in an activity protected by the ADA, like making a request for reasonable accommodations or complaining of discrimination. *See Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 316-17 (5th Cir. 2007) (finding a prima facie case for retaliation based on termination for requesting reasonable accommodations); *See Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 303-304 (5th Cir. 2020) (finding protected activities under the ADA where claimant complained

of discrimination through grievance process). The "cornerstone" of the EEOC's investigation stemming from Olivas' Charge would likely be the particular protected activity under the ADA she included, i.e., complaining of discrimination. It is not reasonable to expect an EEOC investigation would expand to or include the investigation of a separate protected activity that is not mentioned or referenced. *See Pacheco*, 448 F.3d at 792.

Olivas' brief urges this Court to ignore important distinctions between separate claims and find that her Charge complaint that she was terminated because she complained of either disability or gender discrimination is sufficient to exhaust administrative remedies for a cause of action alleging that she was terminated because she requested accommodations for an alleged disability. However, Olivas' argument far exceeds well-established precedent and would undercut the very reason that the exhaustion requirement exists. *See Sanchez*, 431 F.2d at 467 (stating "[a] *less* exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance.") (emphasis in original). Like *Pacheco* and *Fine*, the District Court correctly determined that Olivas' failure to include any factual allegation regarding an alleged request for reasonable accommodations in her Charge bars her attempt to bring a lawsuit for that claim. ROA.100.

The City actually agrees with Olivas that *Jennings v. Towers Watson* is directly applicable to the matter at bar. In her reliance on *Jennings*, however, Olivas conveniently omits, whether through neglect or subterfuge, a glaring difference: the *Jennings* administrative charge contained factual allegations related to a request for a reasonable accommodation. *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021). The administrative charge in *Jennings* clearly and plainly stated: "I requested a reasonable accommodation so that I could continue training. Rather than engage me in the interactive process, [the employer] laid me off . . ." *Id.* The Court's holding regarding the disability discrimination claims in *Jennings* is in fact premised on this key factual allegation. *Id.* at 342-43. If *Jennings* neglected to include this key statement in her administrative charge, this Court's holding would be the opposite as made clear from the very next paragraph examining Jennings' race discrimination causes of action. *See id.* at 343. This Court held that the race discrimination cause of action based on seating segregation was not properly before the court where Jennings' administrative charge only mentioned a claim that she was not paid for the training days completed while her white colleagues were treated differently. *Id.* at 343. A plain reading of *Jennings* demonstrates that Olivas did not exhaust administrative remedies for a cause of action based on an incident or factual allegation that is wholly omitted from her Charge. *See id.* at 342-43. Accordingly, this Court should find that no plain error exists in the trial court's finding that Olivas

failed to exhaust administrative remedies as to a claim that she was terminated in retaliation for requesting reasonable accommodations.

## II. The District Court did not commit error when it found Olivas failed to state a claim upon which relief can be granted.

The District Court correctly determined that even if Olivas exhausted administrative remedies as to a retaliation claim, she failed to sufficiently plead a cause of action and thus, did not state a claim upon which relief can be granted. ROA.102. The District Court's dismissal with prejudice was appropriate because Olivas was given adequate opportunity to cure the inadequacies in her pleadings and had pleaded her best case. *See James v. Smith*, 152 F.4th 594, 610 (5th Cir. 2025) (examining precedent that established a plaintiff has been given adequate opportunity to cure the inadequacies in his pleading where plaintiff did not file amended pleadings but did file an extensive response to the defendants' motion to dismiss). While Olivas now attempts to re-characterize her pleadings as alleging sufficient facts to support her claim, her arguments do not cure inadequate allegations contained in the complaint. *See Hickson v. St. David's Healthcare P'ship, L.P., L.L.P.*, 168 F.4th 282, 292 (5th Cir. 2026).

At the 12(b)(6) stage, courts are instructed to "liberally construe the complaint in favor of the plaintiff and assume that all facts pleaded in the complaint are true." *Hall v. Thomas*, 190 F.3d 693, 696 (5th Cir. 1999). However, courts must not "accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC*

*v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause action, supported by mere conclusory statements," are not presumed to be true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). While a plaintiff does not need to establish a prima facie case of discrimination at the pleading stage, they must still plead sufficient facts on all of the ultimate elements of their claim to make their case plausible. *Cicalese v. Univ. of Tex. Medical Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)).

As a reminder, in order to establish a claim for retaliation under the ADA, Olivas had to plead sufficient factual allegations to establish: (1) she engaged in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action. *Jenkins*, 487 F.3d at 317. A plaintiff may satisfy the causal connection by showing "[c]lose timing between an employee's protected activity and an adverse action against him." *Feist v. Louisiana Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 562 (5th Cir. 2007)). The District Court found that Olivas' pleadings were deficient as to the first and third elements. ROA.102-03.

For the first element, the District Court noted that Olivas' allegations were conclusory and failed to include any "facts regarding when she requested accommodations, what disability she was requesting accommodations for, what were the accommodations requested, who did she request accommodations from, etc." ROA.102. Olivas now attempts to re-characterize her pleading regarding attending counseling sessions as a request for an accommodation to satisfy the deficiencies noted by the District Court. However, this should not be allowed. *See Hickson*, 168 F.4th at 292. Despite her argument to the contrary, Olivas only pleaded that she "advised [her supervisor] **if** she would step out to visit her counselor over zoom during her lunch hour" to combat the allegations from her coworkers that she was hardly at work for an eight month period. ROA.5-6 (emphasis added). Even if this Court draws the inference that this particular allegation is a request for accommodation, the District Court's other questions regarding when the request was made, and for which disability this request was for remain outstanding. ROA.102. The missing facts are of primary importance because requests for accommodation are discrete acts and should have been exhausted separately. *See Henson*, 128 F.App'x, at 391; *see also Drake*, 2021 WL 3176081 at *4. Further, the missing facts relate to the ultimate elements of Olivas' claim and without them, Olivas' pleadings are conclusory and should not be presumed to be true. *See Cicalese*, 924 F.3d at 767; *see also Iqbal*, 556 U.S. at 678.

Next, the District Court correctly determined that Olivas failed to plead sufficient facts to establish a causal connection between the protected activity and the adverse action. ROA.103. Olivas attempts to gloss over this deficiency by noting that she pleaded that she was placed on leave *after* requesting accommodations. ROA.6. However, this naked conclusory assertion is insufficient and should not be given the presumption of truth. *See Iqbal*, 556 U.S. at 678. Again, "[s]uch temporal proximity must generally be very close." *Feist*, 730 F.3d at 455 (internal quotations omitted). Olivas failed to include sufficient factual allegations for any court to determine when the request for accommodations occurred in relation to the administrative leave and termination, which is crucial to determine whether there is a valid claim. *See id.* The district court rightly recognized it was "unable to infer a causal connection" because Olivas did not provide a "timeline or factual allegations" to support this allegation. ROA.103; *see Phillips*, 401 F.3d at 642.

Olivas' pleadings do not contain enough factual statements and allegations to "nudge the claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 547; *see also Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 600-01 (5th Cir. 2021) (finding plaintiff's complaint failed to plead sufficient factual allegations regarding his disability discrimination complaint where "[a]t most, [plaintiff] made a conclusory allegation that [the employers] 'discriminated against [him] based on [a] disability.'"). Accordingly, this Court should find that the District Court did not

commit an error when it determined that Olivas' vague, bare-bones and conclusory allegations failed to state a claim upon which relief can be granted.

Lastly, the district court's dismissal with prejudice was appropriate because Olivas was given ample opportunity to cure the deficiencies in her pleading. *See James*, 152 F. 4th at 610. Here, because of the confusion noted by the District Court, the deficiencies in Olivas' Complaint were spotlighted in not one, but two separate motions to dismiss and two reports and recommendations. ROA.17-27, 45-56, 59-70, 93 n.2. Instead of amending her complaint, Olivas engaged in extensive briefing to two separate motions to dismiss. ROA.28-33, 81-86. Additionally, because the District Court found that Olivas failed to exhaust her administrative remedies as to any retaliation claim and was time-barred from doing so, dismissal with prejudice was appropriate. ROA.101; *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003). Accordingly, because the District Court committed no error in its dismissal with prejudice for failure to state a claim, this Court should not disturb its finding.

## CONCLUSION

This Court should affirm the District Court's judgment because it committed no error when it dismissed Olivas' claims with prejudice for failure to exhaust administrative remedies or alternatively for failure to state a claim.

Respectfully submitted,

By: /s/ *Monique Wimberly*

**Aaron M. Dorfner**
State Bar No. 24040824
adorfner@cbtd.com
**Monique Wimberly**
State Bar No. 24110540
mwimberly@cbtd.com

OF

COTTON, BLEDSOE, TIGHE & DAWSON
A Professional Corporation
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 (Fax)

**COUNSEL FOR APPELLEE CITY OF MIDLAND, TEXAS**

## CERTIFICATE OF SERVICE

I certify that on June 9, 2026, the foregoing document was served, via the Court's CM/ECF Document Filing System upon the following registered CM/ECF user:

Lane A. Haygood
Haygood Law Firm
620 N. Grant Ave., Ste. 913
Odessa, Texas 79761
[Tel] (432) 279-0411

The undersigned counsel further certifies that on June 9, 2026, the foregoing instrument was transmitted to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, via the Court's CM/ECF Document Filing System.

*/s/ Monique Wimberly*
**Monique Wimberly**

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 3299 words, excluding the parts of the brief exempted by FED. R. APP. P. 32 (f).

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief was prepared in a proportionally spaced typeface, Times New Roman 14-point type face, using Microsoft Office Professional Plus 2016.

*/s/ Monique Wimberly*
**Monique Wimberly**